J-S79021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL HALL | |
| Appellant | No. 3726 EDA 2015 |

Appeal from the PCRA Order October 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002984-2007
CP-15-CR-0002985-2007
CP-15-CR-0002986-2007
CP-15-CR-0002987-2007
CP-15-CR-0002988-2007

BEFORE: GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED NOVEMBER 21, 2016**

Samuel L. Hall appeals, *pro se*, from the October 30, 2015 order of the Court of Common Pleas of Chester County dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On August 13, 2008, after a non-jury trial on stipulated facts, the trial court convicted Hall of five counts of delivery or possession with intent to deliver ("PWID") (cocaine), one count of PWID (marijuana), one count of PWID (MDMA[1] and methamphetamine), one count of possession of drug

_____

[1] MDMA is the acronym for 3,4-methylenedioxymethamphetamine, colloquially known as "ecstasy."

paraphernalia, and four counts of criminal use of a communications facility.[2] That same day, the trial court sentenced Hall to an aggregate sentence of 15 to 30 years' incarceration, which included mandatory minimum sentences on all of Hall's PWID convictions.[3]  On August 25, 2008, Hall filed a notice of appeal, and on August 26, 2008, the trial court issued an order directing Hall's trial counsel to prepare and serve a Pennsylvania Rule of Appellate Procedure 1925(b) statement of matters complained of on appeal ("1925(b) statement").  On September 3, 2008, Hall's trial counsel filed a statement of intent to file an **Anders/McClendon**[4] brief pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4).  Trial counsel filed his **Anders** brief and motion to withdraw as counsel with this Court on November 14, 2008, stating that Hall's desired challenge of a suppression decision was meritless. On July 29, 2009, this Court affirmed the judgment of sentence and granted trial counsel's petition to withdraw.

---

[2] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 7512(a), respectively.

[3] The mandatory minimum sentencing statute upon which Hall was sentenced, 18 Pa.C.S. § 7508, was later found by this Court to be unconstitutional in **Commonwealth v. Fennell**, 105 A.3d 13 (Pa.Super. 2014).

[4] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), **abrogated by Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Trial counsel filed his brief before our Supreme Court's decision in **Santiago**.

On September 9, 2009, Hall filed his first PCRA petition, arguing that the trial court abused its discretion when it did not merge some of Hall's convictions for sentencing purposes. On September 15, 2009, the PCRA court appointed counsel, who subsequently filed a petition for leave to withdraw as counsel with an attached **Turner**/**Finley**[5] letter on September 30, 2009. Based on appointed counsel's representations and the PCRA court's independent review of the record, the PCRA court issued a notice of intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907 on October 22, 2009, to which Hall filed a response on November 16, 2009.[6] On December 11, 2009, the PCRA court dismissed Hall's PCRA petition. Hall filed a motion for reconsideration on December 21, 2009, which the trial court denied without hearing on December 29, 2009.[7] Hall did not file a notice of appeal.

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[6] In his response, Hall raised a new claim of ineffective assistance of PCRA counsel. Hall argued that PCRA counsel was ineffective because counsel filed a **Turner**/**Finley** letter without first consulting Hall about the merits of his case. Hall also requested appointment of new PCRA counsel. In its December 11, 2009 order, the PCRA court found that appointed counsel fully complied with the mandates of **Turner**/**Finley**.

[7] In his motion for reconsideration, Hall raised another new claim of ineffective assistance of counsel, claiming that his pre-trial counsel and trial counsel failed to raise an issue regarding the Commonwealth's approval of the criminal complaints and arrest warrants. In its December 29, 2009 order, the PCRA court found this claim lacked merit.

Hall filed a second PCRA petition on July 29, 2010, again raising merger issues and alleging ineffective assistance of PCRA counsel. The PCRA court issued a notice of intent to dismiss Hall's second PCRA petition on August 11, 2010. On August 26, 2010, Hall filed a response to the notice,[8] and the trial court ordered the Commonwealth to respond to the petition. The Commonwealth complied on November 3, 2010, and Hall filed a second response on November 9, 2010. The PCRA court dismissed the second PCRA petition on February 8, 2011. Hall subsequently filed a notice of appeal on March 7, 2011. On March 15, 2011, the PCRA court ordered a 1925(b) statement, which Hall filed on April 18, 2011. In an unpublished memorandum, this Court affirmed the PCRA court's dismissal of the second PCRA petition.[9] On May 3, 2012, Hall filed a petition for allowance of appeal, which our Supreme Court denied on October 11, 2012.

_____

[8] In his response, Hall raised three new claims: (1) the trial court erred as a matter of law by failing to order a pre-sentence investigation report; (2) the trial court erred as a matter of law by failing to state adequate reasons for its sentence; and (3) Hall's sentence was the result of sentencing manipulation or entrapment. The PCRA court found that these claims lacked merit, as all three challenged discretionary aspects of sentencing. On appeal, Hall raised only the sentencing entrapment issue and this Court affirmed.

[9] During the appeal, Hall filed a reply brief, which raised a new claim that the trial court failed to make a determination as to Hall's eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program. Finding that this claim was a non-waivable challenge to the legality of Hall's sentence, this Court addressed that issue on the merits and determined that Hall was not entitled to relief because he was sentenced before the RRRI statute became effective.

Hall filed his third PCRA petition on May 21, 2012, alleging that his trial counsel was ineffective for failing to advise him about the RRRI program. The PCRA court issued a notice of intent to dismiss this petition on May 24, 2012, to which Hall responded on June 22, 2012.  On July 10, 2012, the PCRA court dismissed Hall's third petition.  Hall filed a motion to reconsider on August 13, 2012, and the PCRA court vacated its prior order dismissing the petition on August 17, 2012, as it was unaware that Hall had filed a petition for allowance of appeal.[10]  After our Supreme Court denied Hall's petition for allowance of appeal on the second PCRA petition, the PCRA court issued another notice of intent to dismiss Hall's third PCRA petition on October 17, 2012.  On October 26, 2012, Hall filed a petition to amend his third PCRA petition, to which the PCRA court issued an order on November 15, 2012, allowing Hall 60 days to respond to the notice of intent to dismiss. Hall then filed another motion and petition to amend his third PCRA petition on November 26, 2012.  On February 6, 2013, the trial court dismissed Hall's third PCRA petition.[11]  Hall filed a notice of appeal on March 2, 2013.

_____

[10] In its order vacating the dismissal, the PCRA court determined that it did not have jurisdiction to consider the merits of Hall's third PCRA petition while our Supreme Court considered Hall's petition for allowance of appeal. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought").

*(Footnote Continued Next Page)*

This Court dismissed Hall's appeal on May 9, 2013 for failure to return a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517.

Hall filed the instant PCRA petition, his fourth, on June 19, 2014. In his petition, Hall asked the trial court to "review the sentencing records of the [m]andatory sentences," including "the [p]ast criminal cases that [Hall] attached was retroactively [sic]," and "to review all issue [sic] of this matter." The trial court issued a notice of intent to dismiss Hall's fourth PCRA petition on June 23, 2014,[12] and dismissed the petition on October 30, 2015. Hall filed a notice of appeal on November 27, 2015.

Hall raises the following issues on appeal:

1. When trial/sentencing counsel and [a]ppe[llate] counsel as well as PCRA counsel were all associated with the same office of the Public Defender, and trial/sentencing counsel only filed the direct appeal, but did not perfect it but withdrew, and appellate counsel as well as PCRA counsel failed to preserve Hall's direct appeal rights, doesn't this amount to an abandonment of their duty to raise the conflict of interest created by their association in the past or at present with the same office of trail[sic]/sentencing counsel? And does it not also amount to a total and constructive denial of counsel as guaranteed under, by, and through the Constitution[s] for the United States, Pennsylvania, and International Law and Treaty? And if this is true, does that not require the court to remand the

*(Footnote Continued)* ───────────

[11] In dismissing Hall's third PCRA petition, the PCRA court considered Hall's response to the notice of intent to dismiss, Hall's motion to reconsider, and Hall's petition to amend.

[12] Hall did not respond to the trial court's notice of intent to dismiss.

matter for an evidentiary hearing and the appointment of conflict counsel to assist Hall in the marshalling and presentation of his evidence of the same, and not a summary dismissal of his PCRA as of right? Wasn't [Hall] deprived of his right to file and perfect a direct appeal as of right based on all prior counsel's conflict of interest in their representation when all prior counsel failed to raise, preserve, and brief the claim of their conflict and move the court to appoint conflict counsel?

2. Did the PCRA court err, as [a] matter of law, by dismissing [Hall]'s Petition for collateral relief as untimely when his claim is a constitutional violation of his due process rights?

3. Did the PCRA court err, as a matter of law, by dismissing [Hall]'s Petition for Collateral Relief even though his claim has retroactive effect?

Hall's Br. at 3.

Before addressing the merits of Hall's PCRA petition, we must first determine whether his petition is timely. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review." 42 Pa.C.S. § 9545(b)(3).

Hall's judgment of sentence became final on August 28, 2009, when his time to seek review in the Pennsylvania Supreme Court expired.[13] He had one year from that date, or until August 30, 2010,[14] to file a timely PCRA petition. Therefore, his current petition, filed on June 19, 2014, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[13] Hall had 30 days from July 29, 2009, the date this Court affirmed the trial court and granted appellate counsel's motion to withdraw, to file a petition for allowance of appeal with our Supreme Court. *See* Pa. R. App. P. 1113.

[14] Hall's judgment of sentence became final on August 28, 2010. However, because August 28, 2010 was a Saturday, Hall had until the following Monday, August 30, 2010, to file a timely PCRA petition. *See* 1 Pa.C.S. § 1908.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175.

Hall's petition meets none of the three exceptions to the one-year time bar. First, Hall raises an ineffective assistance of counsel claim, arguing that a conflict of interest existed among his trial and PCRA counsel, as they all worked for the Chester County Public Defender's office, and that his PCRA counsel's failure to advise Hall of this conflict before filing the *Turner*/*Finley* letter constituted abandonment. Hall's Br. at 9-10. Hall asserts that his PCRA counsel's actions interfered with his Sixth Amendment right to effective assistance of counsel. *Id.*

"It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). Because Hall makes a claim of ineffective assistance of counsel, his petition remains untimely unless he asserts and proves a different exception to the time bar.

In his remaining issues,[15] Hall contends that he is entitled to relief because the trial court imposed an illegal sentence. Hall argues that the trial court imposed illegal mandatory minimum sentences under 18 Pa.C.S. §

---

[15] In his statement of questions presented, Hall's second issue questioned whether the trial court erred by dismissing his PCRA petition as untimely where he asserted a due process claim. However, Hall failed to advance this argument in his brief, instead arguing, under his second argument heading, that his sentence was illegal and *Alleyne* should apply. Hall's Br. at 10-12. Because Hall failed to argue his due process claim, we find that he has waived this issue. *See* Pa. R. App. P. 2119; *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

7508. Hall's Br. at 10. He claims he is entitled to relief pursuant to *Alleyne v. United States*, 133 S.Ct. 2151, 2158 (2013), in which the United States Supreme Court found that "facts that increase the mandatory minimum are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." Hall reasons that this Court must give *Alleyne* retroactive effect because *Alleyne* announced a new substantive rule of constitutional law that controls the outcome of his case. Hall's Br. at 13-15 (citing *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016)).

Hall's claims are not entitled to retroactive effect on collateral review. Our Supreme Court has held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Because the constitutional violation asserted by Hall is not one that the Pennsylvania or United States Supreme Court has given retroactive effect, his *Alleyne* challenge does not excuse his failure to timely file his petition.[16]

We conclude that Hall's PCRA petition is untimely and that he has failed to prove any exception to the PCRA's one-year time-bar.[17] Therefore,

_____

[16] Even if we could give Hall's *Alleyne* challenge retroactive effect, Hall's challenge would not clear the one-year time-bar because he failed to file the instant PCRA petition within 60 days of the *Alleyne* decision. *See* 42 Pa.C.S. § 9545 (b)(1).

[17] In his PCRA petition, Hall asserted that he found "exculpatory evidence" that was unavailable at the time of trial and "would have changed the outcome of trial if it had been introduced." However, Hall did not explain
*(Footnote Continued Next Page)*

- 10 -

the trial court appropriately dismissed Hall's PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2016

---

*(Footnote Continued)*

this assertion nor did he raise the issue before this Court. Therefore, he has waived the issue. ***See Gilmore ex rel. Gilmore v. Dondero***, 582 A.2d 1106, 1108 (Pa.Super. 1990).